WICKER v. TROMBLY.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETY—INJUNCTION—TRES-
PASS—ADVERSE POSSESSION.

In suit brought individually by husband to restrain trespass
on an 11½-inch strip along the side of a city lot, owned by
plaintiff and wife as tenants by the entirety, by defendants
who owned the adjoining lot and who claimed title to the dis-
puted strip by adverse possession, decree vesting title in the
strip in defendants ran against plaintiff only and was errone-
ous as plaintiff held no title apart from that by the entirety
with his wife.

2. JUDGMENT—DESCRIPTION OF LAND—EVIDENCE.

Metes-and-bounds description of 11½-inch strip of land along
a city lot, contained in a decree vesting title, held, supported
by evidence.

3. APPEAL AND ERROR—BURDEN OF PROOF—ADVERSE POSSESSION.

In suit to restrain trespass on 11½-inch strip of land on side
of city lot owned by plaintiff and his wife as tenants by
the entirety wherein defendants filed cross bill claiming title
thereto by adverse possession, plaintiff's claim that trial court
placed burden on plaintiff to disprove adverse possession on
part of defendants held, not sustained.

4. HUSBAND AND WIFE—ESTATES BY ENTIRETY—ADVERSE POSSES-
SION—DECREE—PARTIES.

In action by plaintiff who with his wife owned a city lot as
tenants by the entirety, to restrain owners of adjacent lot
from trespassing on 11½-inch strip of land on side of plain-
tiff's lot between the parties, decree vesting title thereto in
defendants by reason of their adverse possession was a nul-
lity where plaintiff's wife was not a party.

5. COSTS—EVIDENCE—PARTIES.

No costs are awarded in suit by husband to restrain trespass
on city lot which he and his wife owned as tenants by the

entirety, where he failed to prove his case and defendants were not entitled to decree vesting title to disputed strip in them as plaintiff's wife was not a party.

Appeal from Wayne; Friedman (William), J. Submitted April 5, 1945. (Docket No. 56, Calendar No. 42,950.) Decided May 14, 1945.

Bill by William Wicker against Harold R. Trombly and wife to enjoin trespassing. Cross bill by defendants against plaintiff to quiet title to a strip of land in them. Decree for defendants. Plaintiff appeals. Reversed and remanded.

*Paul B. Mayrand,* for plaintiff.

*Wilfrid L. Burke,* for defendants.

WIEST, J.   Plaintiff William Wicker and his wife owned, by the entirety, record title to lot 66 in a recorded residential subdivision in the city of Detroit and defendants owned the adjoining lot 65. The platted dimensions of the lots are 30 feet in width and 116 feet in depth.   In September, 1942, William Wicker, individually, filed the bill herein to enjoin defendants from trespassing upon lot 66, averring acts of trespass on 11½ inches along the north side of lot 66.   Defendants answered and by cross bill claimed title to the mentioned strip of land by adverse possession and sought decree to such effect.   The issues were joined and proofs taken before a circuit court commissioner.   Upon report of the commissioner the court dismissed plaintiff's bill to restrain trespass and decreed defendants owner in fee of the land in question, acquired by them by adverse possession, and granted right to record the decree in the office of the register of deeds.

Plaintiff appeals and presents the point that the court was in error in divesting Mrs. Wicker of her right of ownership as a tenant by the entirety of the property involved, without her being a party to the litigation.

At the hearing it was made to appear that lot 66 was owned by Mr. and Mrs. Wicker, by the entirety, as husband and wife. The decree, vesting title to the land involved in defendants, is reversed and the case remanded to the circuit court.

It is true the decree vesting title in defendants by virtue of adverse possession runs against plaintiff who, under the evidence, held no title apart from that by the entirety with his wife.

The court in decreeing title to defendants described the strip of land by metes and bounds. Plaintiff claims that no one can take the description employed by the court and tell to what extent it takes land from lot 66. We find upon examination of exhibits in the case a statement of a surveyor, introduced in evidence by plaintiff, which closely tallies with the description of the premises in the decree.

Plaintiff complains that the court in an opinion placed the burden on plaintiff to disprove adverse possession on the part of defendants. We do not so read the opinion. The court did state that the burden was on plaintiff to establish the trespass alleged but found that defendants had established title by adverse possession.

Under the record, without Mrs. Wicker being a party and plaintiff having no separate interest in the premises, the decree was a nullity. For that reason we reverse and remand the case. Plaintiff lost the case he commenced for trespass but defendants under their cross bill, without Mrs. Wicker being made a party thereto, were not entitled to

decree vesting title to the disputed strip in defendants. We have concluded to let each party stand their own expenses of this litigation.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.